# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **MARION WILSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )  **Civil Case No.: GLS 18-3707** |
| | ) |
| **MONTGOMERY COUNTY, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION AND ORDER

Pending before this Court is a "Motion for Reconsideration/Alternatively, Notice of Appeal" ("the Motion") filed on October 9, 2020 by Plaintiff Marion Wilson. (ECF No. 78).[1] Plaintiff seeks reconsideration of the Court's September 15, 2020 Order, in which the Court granted the "Motion to Dismiss the Third Amended Complaint" filed by Defendants Montgomery County, et al. The Defendants filed an opposition to the reconsideration motion, and the Plaintiff filed a reply. (ECF Nos. 80, 83). The matter has been fully briefed, and the Court has reviewed all pleadings and the record in this case. The Court finds that no hearing is necessary. *See* L.R. 105.6. For the reasons set forth below, the motion is DENIED.

In his motion, Plaintiff does not cite to any rule or caselaw in support of his reconsideration request. Because he seeks to correct the judgment and has filed his motion within twenty-eight days of this Court's September 15, 2020 Order, the Court finds that Fed. R. Civ. P. 59(e) applies. Pursuant to Fed R. Civ. P. 59(e), a motion to alter or amend a judgment shall be filed no later than twenty-eight days after the entry of the judgment. According to the Fourth Circuit, a court may

---

[1] On October 30, 2020, counsel of record, Andrew Nyombi, filed a "Motion to Withdraw as Counsel." (ECF No. 81). On November 5, 2020, counsel supplemented his motion. (ECF No. 84). The Court granted the motion. (ECF No. 85). Thus, Plaintiff is proceeding *pro se*.

alter or amend a prior judgment only under three circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence; or (3) to correct a clear error of law or prevent manifest injustice." *United States ex rel. Carter v. Halliburton Co.,* 866 F.3d 199, 210 (4th Cir. 2017) (citation omitted). In addition, the Fourth Circuit has held that "manifest errors of fact . . . upon which [a] judgment is based" may also be remedied under Fed. R. Civ. P. 59(e). *Md. Elec. Indust. Health Fund v. Kodiak Util. Const., Inc.,* JFM 02-3662, 2004 WL 112722, at *1 (D. Md. Jan. 20, 2004) (citing *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). Moreover, Rule 59(e) is not to be "used to relitigate old matters," or to "raise arguments or present evidence that could have been raised prior to the entry of judgement." *Collins v. Thornton*, 782 F. App'x 264, 268 (4th Cir. 2019) (citing *Pac. Ins. Co.,* 148 F.3d at 403). Furthermore, where a party is relying on "new evidence," the party must demonstrate that the evidence was not previously available, or otherwise justify his failure to present the evidence previously. *Pac. Ins. Co.*, *supra*, 148 F.3d at 403. Finally, granting a motion for reconsideration is an extraordinary remedy, which should be used sparingly. *Collins*, 782 F. App'x at 268.

Plaintiff seems to be arguing that the Court erroneously concluded that Defendants afforded him due process prior to terminating him. In support, he cites to some facts that he believes establishes the lack of due process, and he also advances for the first time in his Motion a new theory of a due process violation, allegedly stemming from Defendants' "failing to train, supervise and monitor its employees in the exercise of their Official Duties." (*See* ECF No. 78, p. 2).[2] In his Reply, he seems to be arguing, as he did previously, (ECF Nos. 49, 67), that the process afforded to him involved the consideration of hearsay evidence. (ECF No. 83).

---

[2] The Complaint, Amended Complaint, Second Amended Complaint, and the Third Amendment Complaint do not raise a due process argument related to failure to train, supervise, and monitor. (*See* ECF Nos. 1, 7, 40, 59).

The Court finds that Plaintiff has not pointed to an intervening change in law, nor has he alleged that reconsideration is required to protect a clear error of law. The Court further finds that, to the extent that the Motion and Reply purport to offer new facts, Plaintiff fails to demonstrate that the evidence was not previously available to him, and he also fails to otherwise justify his failure to present the evidence previously. *See Pac. Ins. Co.*, *supra*, 148 F.3d at 403. The Motion and Reply constitute Plaintiff's attempt to "relitigate old matters," or to "raise arguments or present evidence that could have been raised prior to the entry of judgement," which does not constitute grounds for granting a reconsideration motion. *See Collins*, 782 F. App'x at 268. No manifest injustice has occurred. This is not a scenario in which the extraordinary relief provided in Rule 59(e) would be appropriate.

Accordingly, it is this 10th day of November, 2020, hereby ORDERED that Plaintiff's motion for reconsideration, ECF No. 78, is **DENIED**.

It is further ORDERED that, because Plaintiff alternatively styled the Motion as a notice of appeal, the Clerk of the Court is directed to note Plaintiff's timely appeal of the instant Order, and of the Court's September 15, 2020 Order. The notice of appeal shall be docketed as of today's date.

/s/
The Honorable Gina L. Simms
United States Magistrate Judge